## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **THOMAS R. JOHNSON** | **CIVIL ACTION NO. 3:12-cv-3137** |
| **LA. DOC #286386** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Thomas R. Johnson, an inmate in the custody of Louisiana's Department of Corrections filed the instant petition for writ of habeas corpus on December 20, 2012. Petitioner attacks his 1999 conviction for distribution of cocaine, his subsequent adjudication as a third felony offender, and the life sentence imposed by Louisiana's Third Judicial District Court, Lincoln Parish. This matter has been referred to the undesigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## *Background*

Petitioner was found guilty of distribution of cocaine, adjudicated a third felony offender, and sentenced to life imprisonment in 1999. He appealed to the Second Circuit Court of Appeals and on January 26, 2000, his conviction, adjudication, and sentence were affirmed; on February 24, 2000, his application for rehearing was denied. *State of Louisiana v. Thomas Ray Johnson*, 32,910 (La. App. 2 Cir. 1/26/2000), 750 So.2d 398, *rehearing denied*, 2/24/2000. His writ application was denied without comment by the Louisiana Supreme Court on November 3, 2000.

*State of Louisiana v. Thomas Ray Johnson*, 2000-0911 (La. 11/3/2000). He did not seek *certiorari* in the United States Supreme Court. [Doc. 5, ¶9(h)]

On some unspecified date he sought post-conviction relief; his application was denied by the trial court, the Second Circuit Court of Appeals (Docket Number 40,536-KH) and on August 18, 2006 by the Louisiana Supreme Court. The Supreme Court, in denying relief, cited La.C.Cr.P. art. 930.8 and, *State ex rel. Glover v. State*, 93-2330 (La.9/5/95), 660 So.2d 1189, and therefore determined that petitioner's application was filed beyond the 2-year period of limitations established by art. 930.8. *State of Louisiana v. Thomas Ray Johnson*, 2006-0328 (La. 8/18/2006), 935 So.2d 154.[1]

He again sought post-conviction relief which was denied in the district court, the Second Circuit Court of Appeals (Docket Number KH 08-43,407) and the Supreme Court. On November 26, 2008, the Supreme Court denied relief again citing La.C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93–2330 (La.9/5/95), 660 So.2d 1189, as well as *State v. Parker*, 98–0256 (La.5/8/98), 711 So.2d 694, La.C.Cr.P. art. 930.3, and, *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172. *State of Louisiana ex rel. Thomas R. Johnson v. State of Louisiana*, 2008-0648 (La. 11/26/2008), 997 So.2d 547.

He tried for a third time to obtain post-conviction relief and once again his claims were rejected by the district court, the Second Circuit Court of Appeals (47,450-KH), and on

---

[1] Art. 930.8 provides for a 2-year period of limitations for filing an application for post-conviction relief. The limitations period generally runs from the date of finality of judgment under Louisiana law. Since petitioner appealed and thereafter sought and was denied *certiorari* by the Louisiana Supreme Court, his judgment of conviction became final under Louisiana law when the Supreme Court denied writs, or on November 3, 2000. See La. C.Cr.P. art. 922(D). Petitioner's application for post-conviction relief was apparently filed after the two year period had expired, or sometime after November 3, 2002.

November 16, 2012, by the Louisiana Supreme Court, this time without further comment. *State of Louisiana ex rel. Thomas Ray Johnson v. State of Louisiana*, 2012-1775 (La. 11/16/2012), 102 So.3d 36.

Petitioner filed the instant petition on December 20, 2012, raising claims of –

(1) ineffective assistance of appellate counsel based on counsel's failure to argue a violation of the Confrontation Clause when the State introduced the Crime Lab Report into evidence; and,

(2) petitioner was denied the right to confront the testing chemist in violation of the Confrontation Clause as interpreted by *Crawford v. Washington*, 541 U.S. 36 (2004) and *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527.

Petitioner's original petition did not conform to local rule 3.2 and he was directed to amend his petition to use the appropriate form. [Doc. 3] On January 10, 2013 he moved for permission to amend [Doc. 4] and provided the appropriate petition and a memorandum in support of his petition along with payment of the filing fee.

### *Law and Analysis*

### *1. Limitations – §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as

petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period."), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.") Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction, his adjudication as an habitual offender, and his sentence were affirmed by the Second Circuit Court of Appeals on January 26, 2000; his application for rehearing was denied on February 24, 2000. *State of Louisiana v. Thomas Ray Johnson*, 32,910 (La. App. 2 Cir. 1/26/2000), 750 So.2d 398, rehearing denied, 2/24/2000. His subsequent application for writs was denied without comment by the Louisiana Supreme Court

---

[2] Nothing in the record suggests that petitioner is entitled to reckon limitations from any of the other dates as provided in Section 2244(d)(1)(B), (C), or (D). Petitioner implies that he is entitled to rely on the recent discovery of facts and subsequent Supreme Court precedent, but, as is shown below, neither argument has merit.

on November 3, 2000 – *State of Louisiana v. Thomas Ray Johnson*, 2000-0911 (La. 11/3/2000) – and, he did not seek *certiorari* in the United States Supreme Court. [Doc. 5, ¶9(h)] Petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about February 3, 2001, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on February 3, 2001, petitioner had one-year, or until February 3, 2002, to file his federal *habeas corpus* suit.[3]

As noted above, petitioner's first two collateral attacks on his conviction were denied as untimely by Louisiana's Supreme Court. *See State of Louisiana v. Thomas Ray Johnson*, 2006-0328 (La. 8/18/2006), 935 So.2d 154 and *State of Louisiana ex rel. Thomas R. Johnson v. State of Louisiana*, 2008-0648 (La. 11/26/2008), 997 So.2d 547. In both instances the Supreme Court, citing La. C.Cr.P. art. 930.8, determined that his applications were filed more than two years after his conviction became final under Louisiana law.[4] If, as found by the Louisiana Supreme

---

[3] As noted in footnote 1, supra, petitioner's judgment of conviction became final under Louisiana law when the Louisiana Supreme Court denied writs on direct review. See La. C.Cr.P. art. 922(D). Under the AEDPA, the calculus of finality takes into account the right of a criminal defendant to seek further direct review in the United States Supreme Court.

[4] The statute provides, "No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

(1) The application alleges, and the petitioner proves or the state admits, that the facts upon

5

Court, petitioner did not file his applications for post-conviction relief within the two year window provided by art. 930.8, then clearly, the 1-year period of limitation established by the AEDPA in Section 2244(d)(1) had likewise expired.

Further, petitioner could not rely upon the pendency of those two collateral attacks since they were ultimately dismissed as untimely under Louisiana law.  A Federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law.  This is so because an untimely application for post-conviction relief cannot be considered  "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

*2. Statutory Tolling*

Petitioner provides a convoluted argument in favor of statutory tolling claiming – "Through due diligence, petitioner Johnson asserted that the claims rests (sic) upon interpretation

---

which the claim is predicated were not known to the petitioner or his attorney.

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.

(4) The person asserting the claim has been sentenced to death.

6

of law cited in *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527, with respects to the Confrontational (sic) Clause, and the newly discovered facts that was (sic) available and even knowable to attorney Bobby Culpepper who represented petitioner at trial and on appeal counsel and lodging the contemporaneous objection for the sole purpose of preserving the issue ... for judicial review." [Doc. 4, p. 5]

Petitioner apparently presented this same argument to the Louisiana Courts in an attempt to have the limitations period of art. 930.8 reckoned a later date because the facts were unknown to petitioner and his attorney. The Louisiana Supreme Court rejected this argument in both instances apparently because, as noted by the petitioner, the fact upon which the claim is predicated – the introduction of the crime lab report – was known to both petitioner and his trial counsel at the time of trial and thus was also known by appellate counsel at the time of the appeal. Thus, for the same reason that petitioner was not allowed to rely on art. 930.8(A), he is likewise unable to rely upon statutory tolling as provided by Section 2244(d)(1)(D).

Petitioner also relies on the Supreme Court's holding in *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 332 (2009) for the proposition that "before the results of a scientific test may be introduced into evidence, the defendant has the right to confront the analyst." *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 332 (2009). However, the *Melendez–Diaz* decision was not decided until nine years after petitioner was convicted and a year after the second post-conviction proceeding was dismissed as untimely, and therefore well after the limitations period had expired. In other words, the record does not indicate that petitioner's collateral attack was still pending when *Melendez-Diaz* was decided, and, petitioner has cited no cases that suggest that *Melendez-Diaz* was made retroactive by the Supreme Court.

(Indeed, current jurisprudence suggests that Melendez-Diaz is not retroactively applicable to cases on collateral review. *See Spencer v. Cain*, 2012 WL 6554086 (E.D.La. 2012) at *4 and cases cited therein.)

      Finally, *Melendez-Diaz* recognized that those states which have "Notice and Demand Statutes" do not violate the confrontation clause because they do not shift to the defendant the burden to call the testing analyst to trial. La. R.S. 15:499 provides that crime labs are authorized to provide proof of examination and analysis of physical evidence by providing a certificate of the person in charge of the facility. If the State intends to introduce a certificate of analysis under La. R.S. 15:499 the prosecution must provide written notice of its intent to offer proof by certificate at least 45 days prior to trial. La. R.S. 15:501. The defendant may then demand that the person who conducted the examination and analysis testify by timely filing a written demand within 30 days of the notice of intent. *Id.* If the certificate and notice comply with La. R.S. 15:499 and 15:501, then the certificate is admissible and considered *prima facie* evidence of the facts provided. La. R.S. 15:500. However, if the defendant properly demands the testimony of the analyst who performed the tests, then the certificate is not *prima facie* evidence and the analyst must testify to establish the test results. La. R.S. 15:501. In *State v. Cunningham*, 2004-2200 (La.6/13/05), 903 So.2d 1110, the Louisiana Supreme Court found that La. R.S. 15:501 is a "notice and demand statute." If the prosecution complies with La. R.S. 15:499 *et seq.*, then the certificate and report are admissible and the defendant must make a timely written demand that the analyst testify, or the defendant waives his Sixth Amendment right under the Confrontation Clause. *State v. Simmons*, 2011-1280 (La.1/20/12), 78 So.3d 743.

      In other words, based on the evidence thus far presented, it does not appear that petitioner

was of the class of criminal defendants covered by the holding of *Melendez-Diaz*. In other words, petitioner cannot demonstrate that he is entitled to reckon limitations as provided by Section 2244(d)(1)(C).

*3. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under §

2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

Petitioner's Motion to Amend [Doc. 4] his petition is **GRANTED**; and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

   In chambers, Monroe, Louisiana, February 19, 2013.

                    */s/ Karen L. Hayes*
                    KAREN L. HAYES
                    U. S. MAGISTRATE JUDGE